**PUBLIC COPY—SEALED MATERIAL DELETED**

**[ORAL ARGUMENT NOT SCHEDULED]**

**No. 23-5071**

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE DISTRICT OF COLUMBIA CIRCUIT

———————————

POLITICO LLC, et al.,

Appellants,

v.

UNITED STATES OF AMERICA,

Appellee.

———————————

On Appeal from the United States District Court
for the District of Columbia

———————————

**PUBLIC REDACTED BRIEF FOR APPELLEE**

———————————

BRIAN M. BOYNTON
*Principal Deputy Assistant
Attorney General*

MICHAEL S. RAAB
BRAD HINSHELWOOD
*Attorneys, Appellate Staff
Civil Division, Room 7256
U.S. Department of Justice
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 514-7823*

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Pursuant to D.C. Circuit Rule 28(a)(1), the undersigned counsel certifies as follows:

### A.    Parties and Amici

Applicants in the district court were the New York Times Company, Charlie Savage, POLITICO, LLC, and Kyle Cheney. POLITICO LLC and Kyle Cheney are appellants before this Court.  The New York Times Company and Charlie Savage are appellees before this Court.

Respondent in district court was the United States of America. The United States is appellee in this Court.

There were no amici in district court, and none have appeared in this Court.

### B.    Rulings Under Review

The final ruling under review is the February 23, 2023 order (Howell, C.J.) denying the petition.  JA 69-70.  The order is unpublished, but the district court's memorandum opinion accompanying the order is available on Westlaw at 2023 WL 2185826. *See* JA 71-102.

C.    **Related Cases**

This case has not previously been before this Court or any other court.  A related matter in which POLITICO is also a party, *Bloomberg L.P. v. United States*, is docketed as No. 23-5073 in this Court, and that case is being briefed and argued in concert with this appeal.

                                    */s/ Brad Hinshelwood*
                                    Brad Hinshelwood

MATERIAL UNDER SEAL DELETED

## TABLE OF CONTENTS

**Page**

STATEMENT OF JURISDICTION..............................................................1

STATEMENT OF THE ISSUE................................................................1

STATEMENT OF THE CASE ................................................................1

    A.    Statutory Background...............................................................1

    B.    ███████████████████████...............................4

    C.    The Application for Access.......................................................8

SUMMARY OF ARGUMENT ................................................................13

STANDARD OF REVIEW......................................................................15

ARGUMENT ...........................................................................................15

The District Court Correctly Concluded On The Record Before It
    That The Requested Materials Could Not Be Disclosed While
    Protecting Grand Jury Secrecy.......................................................15

    A.    The District Court Properly Recognized That
        Disclosure of an Alleged Privilege Dispute Would
        Reveal Whether a Privilege Was Asserted ...........................18

    B.    Petitioners Identify No Error in the District Court's
        Conclusion That the Materials Sought Would Reveal
        Grand Jury Matters ...............................................................28

CONCLUSION ........................................................................................39

CERTIFICATE OF COMPLIANCE

iii

# TABLE OF AUTHORITIES

**Cases:**                                                                 **Page(s)**

*Barry v. United States*,
 740 F. Supp. 888 (D.D.C. 1990) ........................................................... 21

*Bartko v. U.S. Dep't of Justice*,
 898 F.3d 51 (D.C. Cir. 2018) ................................................... 13-14, 21

*Branzburg v. Hayes*,
 408 U.S. 665 (1972) ................................................................................ 18

*Douglas Oil Co. v. Petrol Stops N.W.*,
 441 U.S. 211 (1979) ............................................................................... 19

*Feld v. Fireman's Fund Ins. Co.*,
 909 F.3d 1186 (D.C. Cir. 2018) .......................................................... 35

*Forbes Media LLC v. United States*,
 61 F.4th 1072 (9th Cir. 2023) ............................................................ 38

*Goland v. CIA*,
 607 F.2d 339 (D.C. Cir. 1978) ............................................................ 17

*Grand Jury Subpoena, Judith Miller, In re*:
 438 F.3d 1138 (D.C. Cir. 2006) ............................ 3, 19, 21, 23, 24, 37
 438 F.3d 1141 (D.C. Cir. 2006) ........................................................ 18
 493 F.3d 152 (D.C. Cir. 2007) ................................................. 23, 35, 37

*Hodge v. FBI*,
 703 F.3d 575 (D.C. Cir. 2013) ............................................................. 21

*Los Angeles Times Commc'ns LLC, In re*,
 28 F.4th 292 (D.C. Cir. 2022) ............................................................ 17

*McKeever v. Barr*,
 920 F.3d 842 (D.C. Cir. 2019) ..................................................... 11, 19

*Motions of Dow Jones & Co., In re*,
 142 F.3d 496 (D.C. Cir. 1998) ............................... 2, 14, 15, 16, 20, 21,
                                                   22, 23, 24, 25, 28, 35, 36

*North, In re*,

16 F.3d 1234 (D.C. Cir. 1994) .......................................... 21, 22, 24, 27

*Oviedo v. Washington Metro. Area Transit Auth.,*
  948 F.3d 386 (D.C. Cir. 2020) ............................................................ 17

*Press Application for Access to Judicial Records Ancillary*
  *to Certain Grand Jury Proceedings Concerning Former*
  *President Trump's Communications with His Attorneys,*
  *In re,* __ F. Supp. 3d __,
  2023 WL 5318267 (D.D.C. Aug. 18, 2023) ........................................ 31

*Press Application for Access to Judicial Records Ancillary*
  *to Certain Grand Jury Proceedings Concerning Former*
  *Vice President Pence, In re,* __ F. Supp. 3d __,
  2023 WL 3931384 (D.D.C. June 9, 2023) .......................... 30-31, 31, 34

*Press-Enterprise Co. v. Superior Ct. of Cal. for Cty. of Riverside,*
  478 U.S. 1 (1986) ................................................................................. 38

*Sealed Case, In re,*
  199 F.3d 522 (D.C. Cir. 2000) ......................................... 15, 18, 24, 36

*Sealed Case No. 99-3091, In re,*
  192 F.3d 995 (D.C. Cir. 1999) ............................................................ 22

*SEC v. Dresser Indus., Inc.,*
  628 F.2d 1368 (D.C. Cir. 1980) ............................................................ 2

*Subpoena to Testify Before Grand Jury Directed to Custodian*
  *of Records, In re,*
  864 F.2d 1559 (11th Cir. 1989) ........................................................... 39

*Times Mirror Co. v. United States,*
  873 F.2d 1210 (9th Cir. 1989)............................................................. 36

*United States v. Index Newspapers LLC,*
  766 F.3d 1072 (9th Cir. 2014) ...................................................... 37, 39

*United States v. Sells Eng'g, Inc.,*
  463 U.S. 418 (1983) ............................................................... 1, 18, 19

*United States v. Smith,*
  123 F.3d 140 (3d Cir. 1997) ................................................................. 39

*United States v. Williams,*
  504 U.S. 36 (1992) ...................................................................... 18, 20

**Statute:**

28 U.S.C. § 1291 ...................................................................... 1

**Rules:**

Fed. R. App. P. 4(a)(1)(B) ........................................................... 1

Fed. R. Crim. P. 6 ...................................................................... 1

Fed. R. Crim. P. 6(e)(2)(B) ............................................................... 1, 19

Fed. R. Crim. P. 6(e)(5) ...................................................................... 2, 20

Fed. R. Crim. P. 6(e)(6) ...................................................................... 2, 3, 20

D.D.C. LCrR 6.1 ...................................................................... 1, 3, 23

D.D.C. LCrR 57.6 ...................................................................... 1, 3, 23

## STATEMENT OF JURISDICTION

Petitioners POLITICO LLC and Kyle Cheney filed this petition for unsealing with the district court under that court's Local Criminal Rules 6.1 and 57.6.  The district court entered an order denying the petition on February 23, 2023.  JA 69-70.  Petitioners filed a notice of appeal on March 27, 2023.  JA 6; *see* Fed. R. App. P. 4(a)(1)(B) (60-day time limit). This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUE

Whether the district court abused its discretion in concluding that materials petitioners requested from a specific grand-jury docket number could not be disclosed because disclosure would reveal "matter[s] occurring before the grand jury" protected by Federal Rule of Criminal Procedure 6(e).

## STATEMENT OF THE CASE

### A.    Statutory Background

Rule 6 of the Federal Rules of Criminal Procedure governs the conduct of grand jury proceedings.  *See* Fed. R. Crim. P. 6 (Rule).  Rule 6(e) "codifies the traditional rule of grand jury secrecy" in multiple ways.  *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 425 (1983).  Rule 6(e)(2)(B) prohibits all non-witness participants in a grand jury

proceeding from disclosing any "matter occurring before the grand jury," "[u]nless these rules provide otherwise." Although the term "matter occurring before the grand jury" is not defined in the Federal Rules, this Court has explained that the obligation of secrecy "includes not only what has occurred and what is occurring, but also what is likely to occur," including "'the identities of witnesses or jurors, the substance of testimony' as well as actual transcripts, 'the strategy or direction of the investigation, the deliberations or questions of jurors, and the like.'" *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 500 (D.C. Cir. 1998) (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980) (en banc)).

The Rule also addresses secrecy in ancillary proceedings related to the grand jury. Rule 6(e)(5) provides that "[s]ubject to any right to an open hearing in a contempt proceeding, the court must close any hearing to the extent necessary to prevent disclosure of a matter occurring before a grand jury." And Rule 6(e)(6) provides that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to

2

prevent the unauthorized disclosure of a matter occurring before a grand jury."

Material covered by Rule 6(e)'s obligation of secrecy may sometimes become public through permissible channels. *See, e.g.*, *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1140 (D.C. Cir. 2006) (per curiam). In those circumstances, the district court may unseal that material because continued secrecy is no longer "necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Rule 6(e)(6).

The local rules of the district court recognize this possibility and provide the relevant process, stating that "[p]apers, orders and transcripts of hearings subject to this Rule, or portions thereof, may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury." D.D.C. LCrR 6.1. Applications seeking the unsealing of grand jury materials may be filed by "[a]ny news organization or other interested person," and will be referred to the Chief Judge of the district for determination where no other judge has been assigned to the matter. D.D.C. LCrR 57.6.

MATERIAL UNDER SEAL DELETED

**B.**



MATERIAL UNDER SEAL DELETED



MATERIAL UNDER SEAL DELETED



MATERIAL UNDER SEAL DELETED



MATERIAL UNDER SEAL DELETED



### C.    The Application for Access

**1.** This appeal arises from an application for unsealing filed by

POLITICO LLC and its reporter Kyle Cheney.  The application sought

unsealing of material related to two specific grand-jury subpoenas

reflected on one district court grand-jury docket number.  JA 67.

Petitioners asserted that these materials reflected briefing and a ruling

---

*Week, Expanding Its Jan. 6 Inquiry*, N.Y. Times (Sept. 12, 2022), JA
44).  That person, Bernard Kerik, is not involved in the proceedings at
issue here.

on matters related to an assertion of executive privilege by former

President Trump in connection with an ongoing grand jury

investigation. *Id.* The application thus requested the unsealing of

"Former president Trump's June 10, 2022 action (and any associated

briefs) related to" the enumerated subpoenas, "[a]ny response by the

government to this challenge," "[a]ny additional replies by former

president Trump," and "[t]he court's September 28, 2022 order

adjudicating this challenge." *Id.* Petitioners asserted that these

matters "could be unsealed, with redactions as needed to protect the

privacy interests of named individuals and to address the Justice

Department's criminal investigative prerogatives." *Id.*

The district court consolidated petitioners' application with a

separate—and broader—application filed by the New York Times and

one of its journalists. JA 9 (New York Times application seeking

"dockets, court opinions and orders, legal briefing, and argument

transcripts, including such materials regarding the scope of executive

privilege invoked by former President Donald J. Trump or former

Trump Administration officials"). The government opposed both

applications.

9

The district court denied both applications without prejudice.  JA 69.  The court explained that it had "reviewed all the docket entries in Case No. 22-gj-25 and considered the government's explanation for its position in favor of continued secrecy."  JA 97.  The court observed that petitioners' "requests stem from an ongoing grand jury investigation being conducted in this District," and noted that "[t]he continued secrecy of certain details about that investigation is required for the sake of grand jury witnesses and the government's investigation."  *Id.* In addition, the court held, "[r]edacting information in those materials would not sufficiently uphold that secrecy because matters occurring before the grand jury are so deeply intertwined with non-secret information that any partially unsealed record would prove useless, or worse, misleading."  *Id.*

The district court also gave specific examples to the extent consistent with grand-jury secrecy, explaining that "the requested copy of the docket for Case No. 22-gj-25 would reveal the names of any witnesses and the nature of any disputes regarding grand jury testimony," while in this context "facts produced from the investigation are so integral to any legal analysis that revealing the latter would also

10

reveal the former." JA 98. Similarly, "any legal standards relevant to

the dispute, despite being general summaries, only become relevant if

certain events occurred before the grand jury, so revealing applicable

law would consequently disclose the strategy and nature of the

investigation." *Id.*

The district court considered and rejected arguments for

disclosure advanced by petitioners. First, the court recognized that the

secrecy required by Rule 6(e) could not be overcome by "the historical

significance of the requested materials." JA 98. As the court observed,

historical significance alone does not permit "disclosure of grand jury

material" in the absence of an exception to Rule 6(e). JA 99 (citing

*McKeever v. Barr*, 920 F.3d 842, 844-45 (D.C. Cir. 2019)).

The district court also rejected petitioners' argument "that public

reporting obviates any need for continued secrecy." JA 99. The court

observed that petitioners' arguments for public disclosure depended on

"news articles reporting on the requested materials that they believe

exist and citing as their sources 'people familiar with' the matters." *Id.*

"Those sources, however, are not the type of confirmation by

government attorneys, grand jury witnesses, or a privilege holder" that

11

this Court "has found sufficient to make secrecy no longer necessary." *Id.* The court further observed that "in the articles attached to petitioners' motion, both the government and individuals thought to be grand jury witnesses declined to comment on the reporting."

The district court concluded that it was public knowledge that a grand jury investigation exists "concern[ing] interference with the results of the 2020 presidential election." JA 100; *see* JA 101. The court concluded, however, that "because those acknowledgements do not specifically mention ancillary proceedings occurring within the investigation relevant to petitioners' applications, they do not warrant any additional disclosure of grand jury matters." JA 101.

**2.** POLITICO and Cheney appealed the district court's order denying their petition; the New York Times and its journalist did not appeal the denial of their petition. Dkt. No. 20 (notice of appeal listing only POLITICO and Cheney).

At an August 28, 2023 hearing in former President Trump's criminal prosecution in the District of Columbia, prosecutors disclosed that the government and the former President "engaged in extensive pre-indictment litigation regarding executive privilege . . . in five sealed

12

proceedings starting in August 2022 and lasting through March of 2023" concerning "the scope of grand jury testimony for 14 witnesses." Transcript at 37:18-22, *United States v. Trump*, No. 23-cr-00257 (D.D.C. Aug. 28, 2023), Dkt. No. 38.  The Chief Judge of the district court authorized the government to make those disclosures pursuant to Rule 6(e)(3)(E)(i), which allows a district court to authorize disclosure of grand jury matters "preliminarily to or in connection with a judicial proceeding."  *See id.* at 37:22.

## SUMMARY OF ARGUMENT

Federal Rule of Criminal Procedure 6(e) requires that "matter[s] occurring before the grand jury" must be kept secret, including where those matters appear in records or other documents related to ancillary proceedings.  Thus, Rule 6(e)(6) provides that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."

This Court has explained that "matter[s] occurring before the grand jury" encompass all "information that would 'tend to reveal some secret aspect of the grand jury's investigation," *Bartko v. U.S. Dep't of*

13

*Justice*, 898 F.3d 51, 73 (D.C. Cir. 2018) (quotation omitted), including "the fact that [a witness] was subpoenaed to testify" and "the fact that he invoked [a] privilege in response to questions." *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 501 (D.C. Cir. 1998).

Petitioners allege that executive privilege was invoked in response to two grand jury subpoenas, and that the district court adjudicated a dispute over that privilege assertion. They thus seek unsealing of materials related to that purported dispute. But as the district court recognized, disclosure of such materials would necessarily "reveal the names of any witnesses and the nature of any disputes regarding grand jury testimony," including any "privileges asserted to withhold testimony," JA 98, all of which would be protected by Rule 6(e).

Petitioners do not dispute that this information would be shielded by Rule 6(e). They also do not renew their primary argument from district court—that media reports regarding this alleged proceeding have caused this material to lose its protected character. Instead, they quibble with aspects of the district court's extended discussion of Rule 6(e) principles. That discussion was largely dicta, and petitioners mischaracterize it in any event. And petitioners' belated assertion of

14

First Amendment and common-law right of access arguments fails on two grounds. Petitioners never raised these arguments in district court, and this Court has made clear that "there is no First Amendment right of access to grand jury proceedings" and that "[t]here is . . . no right of access to documents which have traditionally been kept secret for important policy reasons," such as grand jury materials. *Dow Jones*, 142 F.3d at 499, 504 (quotation omitted).

## STANDARD OF REVIEW

This Court reviews the district court's application of its local rules for abuse of discretion. *In re Sealed Case*, 199 F.3d 522, 526 (D.C. Cir. 2000).

## ARGUMENT

### THE DISTRICT COURT CORRECTLY CONCLUDED ON THE RECORD BEFORE IT THAT THE REQUESTED MATERIALS COULD NOT BE DISCLOSED WHILE PROTECTING GRAND JURY SECRECY

The district court was presented with a petition for disclosure asserting that a testimonial privilege had been asserted before the grand jury and seeking to unseal briefing and orders related to an alleged dispute over that privilege. JA 67. There is no dispute that when the district court adjudicated the petition the government had never acknowledged or disclosed any information related to any alleged

15

dispute over executive privilege.  And, as explained in greater detail below, it is clear that the district court correctly ruled on the record before it that unsealing of materials related to this alleged dispute was not possible, as unsealing would necessarily reveal grand jury matters shielded from disclosure by Rule 6(e), including "[t]he witness's identity, the fact that he was subpoenaed to testify, the fact that he invoked the privilege in response to questions, [and] the nature of the questions asked." *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 501 (D.C. Cir. 1998).

As discussed above, at an August 28, 2023 hearing in former President Trump's criminal prosecution in the District of Columbia, prosecutors for the first time disclosed that the government and the former President "engaged in extensive pre-indictment litigation regarding executive privilege . . . in five sealed proceedings starting in August 2022 and lasting through March of 2023" concerning "the scope of grand jury testimony for 14 witnesses."  Transcript at 37:18-22, *United States v. Trump*, No. 23-cr-00257 (D.D.C. Aug. 28, 2023), Dkt. No. 38.  The Chief Judge of the district court authorized the government

16

to make those disclosures pursuant to Rule 6(e)(3)(E)(i). *See id.* at 37:22.

To the extent that petitioners may argue that these disclosures undermine the basis of the district court's ruling, we note that this Court reviews the decision on the record that was before the district court, not based on a new record generated on appeal. *See, e.g.*, *Oviedo v. Washington Metro. Area Transit Auth.*, 948 F.3d 386, 392 n.3 (D.C. Cir. 2020); *Goland v. CIA*, 607 F.2d 339, 370-71 (D.C. Cir. 1978); *cf. In re L.A. Times Commc'ns LLC*, 28 F.4th 292, 297-99 (D.C. Cir. 2022) (remanding petition for unsealing because of "flawed" analysis in district court's original opinion and instructing court to consider in the first instance the effect of information "released . . . after the district court had denied" the motion).

Any effect of the disclosures made at the August 28 hearing on whether the materials petitioners seek could be unsealed are properly addressed by the district court in the first instance. The same would be true of any future disclosures that may occur during the pendency of this appeal. Petitioners would be free to file a new petition for unsealing in district court citing these disclosures and raising any other

17

new developments they believe are relevant.  But any new disclosures are not a basis to reverse the district court, which properly adjudicated the petition on the record before it.

### A.  The District Court Properly Recognized That Disclosure of an Alleged Privilege Dispute Would Reveal Whether a Privilege Was Asserted

**1.**  The federal grand jury occupies a unique and important position in our criminal justice system.  The grand jury is not "textually assigned . . . to any of the branches," and "the whole theory of its function is that it belongs to no branch of the institutional Government."  *United States v. Williams*, 504 U.S. 36, 47 (1992).  "It serves the 'dual function of determining if there is probable cause to believe that a crime has been committed and of protecting citizens against unfounded criminal prosecutions.'"  *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 423 (1983) (quoting *Branzburg v. Hayes*, 408 U.S. 665, 686-87 (1972)).

The grand jury is also "an unusual setting where privacy and secrecy are the norm."  *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1141, 1150 (D.C. Cir. 2006) (quoting *In re Sealed Case*, 199 F.3d 522, 526 (D.C. Cir. 2000)).  "[T]he proper functioning of our grand jury

18

system depends upon the secrecy of grand jury proceedings," *Douglas Oil Co. v. Petrol Stops N.W.*, 441 U.S. 211, 218 (1979), as secrecy "safeguards vital interests" including "(1) preserving the willingness and candor of witnesses called before the grand jury; (2) not alerting the target of an investigation who might otherwise flee or interfere with the grand jury; and (3) preserving the rights of a suspect who might later be exonerated," *McKeever v. Barr*, 920 F.3d 842, 844 (D.C. Cir. 2019). The existence of an ongoing investigation "only heightens the need for maintaining grand jury secrecy," so that the investigation may be conducted "out of the public eye and with the full cooperation of witnesses who have no fear their role in the investigation will lightly be disclosed." *In re Grand Jury Subpoena, Judith Miller*, 438 F.3d 1138, 1141 (D.C. Cir. 2006) (per curiam).

Federal Rule of Criminal Procedure 6(e) "codifies the traditional rule of grand jury secrecy." *Sells Eng'g*, 463 U.S. at 425. The Rule prohibits virtually every person privy to grand jury proceedings—except witnesses or their counsel—from "disclos[ing] a matter occurring before the grand jury." Rule 6(e)(2)(B). The obligation of secrecy also extends to ancillary proceedings before the district court related to grand jury

19

matters. *Dow Jones*, 142 F.3d at 498. These ancillary proceedings may be varied, but can include adjudicating "a witness's motion to postpone the date of testimony or to quash the subpoena," issuing orders "compelling the witness to answer" despite assertions of "a testimonial privilege, such as attorney-client or husband-wife," or adjudicating a witness's invocation of "his or her privilege against self-incrimination" or a prosecutor's request for an order "granting the witness immunity." *Id.*; *see Williams*, 504 U.S. at 48. Rule 6(e)(5) thus provides that "[s]ubject to any right to an open hearing in a contempt proceeding, the court must close any hearing to the extent necessary to prevent disclosure of a matter occurring before a grand jury," while Rule 6(e)(6) provides that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."

Matters "occurring before the grand jury" encompass all "information that would 'tend to reveal some secret aspect of the grand jury's investigation,'" including "the substance of testimony, the strategy or direction of the investigation, or the deliberations or

20

questions of jurors," *Bartko v. U.S. Dep't of Justice*, 898 F.3d 51, 73 (D.C. Cir. 2018) (quoting *Hodge v. FBI*, 703 F.3d 575, 580 (D.C. Cir. 2013)), as well as "the fact that [a witness] was subpoenaed to testify" and "the fact that he invoked [a] privilege in response to questions," *Dow Jones*, 142 F.3d at 501.

"Rule 6(e) does not create a type of secrecy which is waived once public disclosure occurs." *Dow Jones*, 142 F.3d at 505 (quoting *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994) (per curiam)). For example, "when the media reports information alleged to be grand jury material, 'the government is obligated to stand silent' and not confirm the information, whether it is accurate or not." *In re North*, 16 F.3d at 1245 (quoting *Barry v. United States*, 740 F. Supp. 888, 891 (D.D.C. 1990)). This Court has, however, held that material shielded by Rule 6(e) may sometimes become "sufficiently widely known" as to "los[e] its character as Rule 6(e) material." *Dow Jones*, 142 F.3d at 505 (quoting *In re North*, 16 F.3d at 1245). Such material may be unsealed consistent with Rule 6(e)(6). *See In re Grand Jury Subpoena, Judith Miller*, 438 F.3d at 1140.

21

This Court has recognized that possibility in two contexts: (1) where a grand jury witness—who is not bound by Rule 6(e)'s obligation of secrecy—widely publicized it; or (2) where there have been other types of permissible disclosures, such as indictments, use of grand jury material at criminal trials, or release of reports under the former independent counsel statute. For example, in *Dow Jones*, the identity of a person who received a grand jury subpoena was no longer protected by Rule 6(e) where that person's counsel "virtually proclaimed from the rooftops that his client had been subpoenaed to testify before the grand jury." 142 F.3d at 505; *see also In re Sealed Case No. 99-3091*, 192 F.3d 995, 1004 (D.C. Cir. 1999) (per curiam) (former President Clinton's status as a grand jury witness no longer protected where he "went on national television the day of his testimony to reveal this fact"). In *In re North*, Rule 6(e) material lost its protected character where the independent counsel included a significant amount of it in a report to Congress and it was then extensively reported upon by the media. 16 F.3d at 1244-45. And in *In re Grand Jury Subpoena, Judith Miller*, this Court ordered the release of documents that discussed grand jury matters that were either revealed during a criminal trial or disclosed

broadly by grand jury witnesses.  *See* 493 F.3d 152, 154-55 (D.C. Cir. 2007) (per curiam) (disclosure permissible where a witness "discusse[d] his role on the CBS Evening News"); *accord In re Grand Jury Subpoena, Judith Miller*, 438 F.3d at 1140 (unsealing portions of opinion and underlying record materials after disclosure).  Even then, however, disclosure is limited to those materials that have been made public; other matters occurring before the grand jury in the same proceeding remain sealed.  *See, e.g.*, *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d at 155 (unsealing materials "only to the extent that they have been previously revealed"); *Dow Jones*, 142 F.3d at 505 (similar).

The district court's local rules provide a procedure through which the district court may order, or interested parties may seek, the unsealing of documents related to the grand jury consistent with Rule 6(e)(6).  Specifically, Local Criminal Rule 6.1 authorizes a district court to make public covered "[p]apers, orders, and other transcripts" *sua sponte* or in response to a motion "upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury."  *Id.*; *see also* D.D.C. LCrR 57.6 (providing that applications

23

may be filed by "[a]ny news organization or other interested person").

Where a party makes a request for materials ancillary to grand jury

proceedings, the district court is to "duly consider the request" and "if it

denies the request, offer some explanation." *In re Sealed Case*, 199 F.3d

at 523.  And this Court has recognized that in some cases protected

matters occurring before the grand jury may be "woven tightly into . . .

ancillary proceeding[s]" such that documents cannot be released even in

redacted form.  *Dow Jones*, 142 F.3d at 505; *accord In re North*, 16 F.3d

at 1242 (recognizing that sometimes "redaction is simply not possible");

*see In re Grand Jury Subpoena, Judith Miller*, 438 F.3d at 1140

(ordering disclosure of portions of redacted documents where redaction

could be accomplished "without doing violence to their meaning").

    **2.**  The district court faithfully applied these principles in denying

the petition here on the record before it.  Petitioners' application sought

briefs and a district-court opinion from a specific grand-jury docket

number that petitioners asserted would reveal attempts to assert

executive privilege in connection with two grand-jury subpoenas.  JA

67.  The petition asserted that the "reasoning and breadth" of the

district court's decision could be revealed "with redactions as needed to

**MATERIAL UNDER SEAL DELETED**

protect the privacy interests of named individuals and to address the

Justice Department's criminal investigative prerogatives." *Id.*

The district court properly recognized that, in the circumstances

before it, no amount of redaction could shield material protected by

Rule 6(e).  The district court correctly observed that petitioners'

"requests stem from an ongoing grand jury investigation being

conducted in this District," and noted that "[t]he continued secrecy of

certain details about that investigation is required for the sake of grand

jury witnesses and the government's investigation."  JA 97. █

MATERIAL UNDER SEAL DELETED



The district court

**MATERIAL UNDER SEAL DELETED**

properly concluded that "redaction is simply not possible" on these facts.

*In re North*, 16 F.3d at 1242.

MATERIAL UNDER SEAL DELETED



**B.    Petitioners Identify No Error in the District Court's Conclusion That the Materials Sought Would Reveal Grand Jury Matters**

Before the district court, petitioners argued that at least some material previously shielded by Rule 6(e) could be unsealed because of public disclosures about the proceedings. The district court properly rejected those arguments, JA 99-101, and petitioners do not renew them on appeal. Moreover, as discussed above, *see supra* pp. 15-18, to the extent petitioners may argue that any disclosures that postdate the district court's decision would warrant unsealing here, those disclosures would not be a basis to reverse the district court, which properly adjudicated the petition on the record before it.

Petitioners' opening brief likewise does not contest the central aspects of the district court's reasoning: that disclosure was not possible on these facts because disclosure would necessarily "reveal the names of

any witnesses and the nature of any disputes regarding grand jury testimony," including any "privileges asserted to withhold testimony." JA 98.  Petitioners do not contend, for example, that those facts would not be "matter[s] occurring before the grand jury" shielded by Rule 6(e).

Petitioners instead criticize aspects of the district court's broader discussion of grand jury secrecy, JA 79-96, including the federal rules and precedents of this Court governing disclosure of grand jury matters. Petitioners mischaracterize that discussion, which was in any event largely dicta.  *See, e.g.*, JA 93-96 (urging the rules committees of the Judicial Conference to consider various amendments).

**1.**  Petitioners first contend that the district court gave unwarranted deference to the government's assertions that material was covered by Rule 6(e) by attributing a "gatekeeper role" to prosecutors.  Br. 24-27.  But these statements had no bearing on how the district court reviewed the material at issue to determine whether it was shielded by Rule 6(e).  The court instead observed that district courts may not be aware when sealing of grand-jury material is no longer "necessary" under Rule 6(e)(6) unless "prosecutors alert the court that based on the status of, or events related to, the criminal

29

investigation, grand jury matters may be unsealed," JA 85, and expressed concern that this provided prosecutors with a "gatekeeper role," JA 86.

That discussion does not state or imply that the district court provided any heightened deference to the government's assertions about whether material in this case actually constituted "matters occurring before the grand jury" protected by Rule 6(e). As the district court recognized, the actual question before it was simply "whether any requested records may be disclosed, even with redactions, without revealing matters occurring before the grand jury," JA 97, and it correctly answered that question after reviewing the relevant materials and considering the government's position, JA 97-98; *see supra* pp. 24-28. Petitioners point to nothing suggesting that the district court believed that some heightened form of deference was warranted in that analysis, much less that it actually applied such deference.

Petitioners do not advance their position by contrasting the decision below with *In re Press Application for Access to Judicial Records Ancillary to Certain Grand Jury Proceedings Concerning Former Vice President Pence*, __ F. Supp. 3d __, 2023 WL 3931384

30

(D.D.C. June 9, 2023).  Br. 26.  In *Pence*, the district court concluded

that some material could be unsealed because a witness's "public

statements disclose[d] his constitutional challenge to the subpoena, this

Court's partial rejection of that challenge, and his intent to testify

before the grand jury," such that portions of sealed documents related to

those issues could be released.  2023 WL 3931384, at *4.  As the *Pence*

court recognized, however, nothing comparable occurred here.  *Id.*

(distinguishing this case because no similar disclosures occurred).  And

where no such disclosure has occurred, the *Pence* court has explained

that unsealing requests may appropriately be denied in full, recently

holding that materials related to another alleged privilege dispute could

not be disclosed because "releas[ing] or deny[ing] the existence of

records relating to such dispute . . . would necessarily also confirm or

deny whether a witness was indeed called to testify to, and invoked that

privilege before, the grand jury."  *In re Press Application for Access to

Judicial Records Ancillary to Certain Grand Jury Proceedings

Concerning Former President Trump's Communications with His

Attorneys*, __ F. Supp. 3d __, 2023 WL 5318267, at *4 (D.D.C. Aug. 18,

2023).

31

2.  Petitioners similarly assert that the district court mistakenly "treat[ed] the ancillary records requested here . . . as *less* amenable to public access" because of the degree of public scrutiny paid to investigations involving the former President.  Br. 27-30.  That, too, misstates the district court's analysis.  In its broad discussion of principles applicable to grand jury secrecy, the district court observed that one consideration that can bear on disclosure is the degree of public scrutiny paid to a matter.  JA 92-93.  But in assessing whether the material sought was covered by Rule 6(e), the district court did not mention—much less rest its decision on—that factor.  JA 97-98.  Instead, as discussed, the court concluded that disclosure of these materials would necessarily "reveal the names of any witnesses and the nature of any disputes regarding grand jury testimony," as well as information "concerning privileges asserted to withhold testimony," all of which is protected by Rule 6(e).  JA 98.

The district court did reference "highly focused media attention" in passing after rejecting petitioners' arguments (not renewed here) that unsourced media reporting and historical significance made unsealing warranted.  JA 101.  But that reference underscores

petitioners' misunderstanding of the relevant framework.  They cannot seriously dispute the district court's observation that "media requests predicated on general leaks" cannot suffice to make grand jury matters subject to disclosure to "fill gaps" in media reporting.  JA 92.  That point is simply an application of the uncontested baseline principle that only certain types of public disclosures can render material no longer protected by Rule 6(e), such as disclosures by a witness.  *See supra* pp. 21-23.

Petitioners' attack on the general observation that greater media scrutiny may make unsealing more difficult likewise misses the mark. That point played no apparent role in the district court's analysis here, which, as discussed, rested on the conclusion that disclosure would necessarily reveal matters protected by Rule 6(e), such as "the names of any witnesses and the nature of any disputes regarding grand jury testimony" and any "privileges asserted to withhold testimony."  JA 98. In any event, whether and what material can be unsealed without revealing grand jury matters is necessarily context-dependent.  Part of that context of course includes an assessment of the existing information in the public domain; just as already-public information

33

may render certain material no longer secret, disclosure of information innocuous on its own may be more meaningful when understood in connection with other public facts. It is unsurprising that that concern could be more relevant in cases that have received intense public scrutiny, as that scrutiny may (for example) make it more likely that a witness or another subpoena recipient may have disclosed other matters occurring before the grand jury. *See, e.g.*, *In re Pence*, 2023 WL 3931384, at *1-2 (noting that former Vice President Pence disclosed information related to a grand jury subpoena in statements to the press and a televised interview). The point is not that materials can never be unsealed where media speculation about a particular case exists, but instead simply that courts must consider all the relevant circumstances in assessing whether unsealing would reveal matters occurring before the grand jury.

3. Finally, petitioners' invocation of First Amendment and common-law right of access principles (Br. 30-38) misses the mark. Petitioners raised none of these arguments to the district court and have not argued that exceptional circumstances warrant overlooking their forfeiture. Petitioners cannot fault the district court for not

34

considering arguments they did not raise, nor can they raise those arguments for the first time on appeal. *See, e.g.*, *Feld v. Fireman's Fund Ins. Co.*, 909 F.3d 1186, 1197 (D.C. Cir. 2018).

These arguments are misplaced in any event. Here, the district court concluded that disclosure of the materials petitioners sought could not be accomplished—even in redacted form—without disclosing grand jury information protected by Rule 6(e). As discussed above, *see supra* pp. 21-24, that determination was correct. Given that disclosure of these materials would reveal grand jury information, the relevant question would be whether petitioners have a First Amendment or common-law right to access grand jury information. As this Court has explained, it is a "settled proposition" that "there is no First Amendment right of access to grand jury proceedings." *Dow Jones*, 142 F.3d at 499; *accord id.* at 500 ("The press is not entitled, by the Constitution or by rule, to information about 'matters occurring before the grand jury.'"); *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d at 154. Nor can petitioners invoke a common-law right of access: "[t]here is . . . no right of access to 'documents which have traditionally been kept secret for important policy reasons,'" such as grand jury

materials, and "[i]n any event, even if there were once a common law right of access to materials of the sort at issue here, the common law has been supplanted by Rule 6(e)(5) and Rule 6(e)(6) of the Federal Rules of Criminal Procedure." *Dow Jones*, 142 F.3d at 504 (quoting *Times Mirror Co. v. United States*, 873 F.2d 1210, 1219 (9th Cir.1989)); *accord In re Sealed Case*, 199 F.3d at 523.

Petitioners could thus have a claim of entitlement only to those materials that could be disclosed without revealing matters occurring before the grand jury.  The process followed here, however, already considered whether such material existed by determining whether any material could be disclosed without revealing grand-jury matters.  *See Dow Jones*, 142 F.3d at 500 (explaining that the district court's local rules already provide "the most [a petitioner] could expect from its constitutional claim").  Petitioners' observation that courts often release redacted opinions stemming from proceedings ancillary to the grand jury (Br. 37) does not bear on the threshold question of whether such redactions are possible here.  Petitioners' First Amendment and common-law right of access arguments thus add nothing to the equation.

36

Petitioners appear to recognize as much, requesting that this Court remand for disclosure of the materials sought with "only those narrow redactions necessary to protect grand jury secrecy," Br. 38, without asserting any First Amendment right to access matters occurring before the grand jury. They also acknowledge in passing this Court's holding that there is no First Amendment or common-law right of access to matters occurring before the grand jury. *See* Br. 34.

At times, petitioners appear to suggest that a First Amendment right is implicated if the grand jury matter appears in a judicial opinion. *See* Br. 35-36. Even assuming the petition here would encompass a judicial opinion, this Court has already rejected that premise, explaining that the First Amendment does not "extend to ancillary materials dealing with grand jury matters," including a "concurring opinion" by a member of this Court that provided the views of the entire panel on one issue. *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d at 154; *see In re Grand Jury Subpoena, Judith Miller*, 438 F.3d at 1139; *accord United States v. Index Newspapers LLC*, 766 F.3d 1072, 1085-88 (9th Cir. 2014) (rejecting argument that First Amendment or common-law right of access attached to materials

37

related to motion to quash grand-jury subpoena, including "the district court's order denying [the] motion"). Instead, the central point is that grand jury information is protected regardless of whether it appears in pleadings, is disclosed at a hearing, or is contained in a judicial opinion.

Petitioners cite no decision of any court holding that there is a First Amendment or common-law right of access to grand jury material in any form where it might appear, including judicial opinions. Nor do they cite a single case that considers access to judicial opinions generally, without reference to the specific proceeding from which the opinion emanates. *See Forbes Media LLC v. United States*, 61 F.4th 1072, 1083 (9th Cir. 2023) (rejecting argument that "courts should consider the categories of documents sought abstracted from the proceedings in which they were generated"). Courts have instead consistently recognized the immense damage disclosure of grand jury material would do. *See, e.g.*, *Press-Enterprise Co. v. Superior Court of Cal. for Cty. of Riverside*, 478 U.S. 1, 8-9 (1986) (describing grand jury proceedings as "[a] classic example" of a proceeding that would be "totally frustrated if conducted openly" and for which "public access" does not "play[] a significant positive role in the functioning of the

particular process"); *Index Newspapers*, 766 F.3d at 1087-88; *United States v. Smith*, 123 F.3d 140, 148 (3d Cir. 1997); *In re Subpoena to Testify Before Grand Jury Directed to Custodian of Records*, 864 F.2d 1559, 1562 (11th Cir. 1989).  Those concerns are not ameliorated because the grand jury matter appears in a judicial opinion rather than in a party's brief.

## CONCLUSION

For the foregoing reasons, the judgment of the district court should be affirmed.

Respectfully submitted,

BRIAN M. BOYNTON
   *Principal Deputy Assistant
      Attorney General*
MICHAEL S. RAAB

 */s/ Brad Hinshelwood*
BRAD HINSHELWOOD
   *Attorneys, Appellate Staff
   Civil Division, Room 7256
   U.S. Department of Justice
   950 Pennsylvania Avenue NW
   Washington, DC 20530
   (202) 514-7823
   bradley.a.hinshelwood@usdoj.gov*

September 2023

39

# CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limit of Federal Rule of Appellate Procedure 32(a)(7)(B) because it contains 7,541 words. This brief also complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5)-(6) because it was prepared using Word for Microsoft 365 in Century Schoolbook 14-point font, a proportionally spaced typeface.

*/s/ Brad Hinshelwood*
Brad Hinshelwood