# United States Court of Appeals
### FOR THE DISTRICT OF COLUMBIA CIRCUIT

No. 23-5071                                                  September Term, 2023

FILED ON: APRIL 23, 2024

IN RE: APPLICATION OF POLITICO AND KYLE CHENEY TO UNSEAL ALL DOCUMENTS RELATED TO THE JANUARY 6 GRAND JURY INVESTIGATION,

POLITICO, LLC AND KYLE CHENEY, SENIOR LEGAL AFFAIRS REPORTER,
        APPELLANTS

v.

UNITED STATES OF AMERICA,
        APPELLEE

Appeal from the United States District Court
for the District of Columbia
(No. 1:22-mc-00104)

Before: MILLETT, WALKER and GARCIA, *Circuit Judges*

### J U D G M E N T

This case was considered on the record from the United States District Court for the District of Columbia, and on the briefs of the parties. *See* FED. R. APP. P. 34(a)(2); D.C. CIR. R. 34(j). The Court has afforded the issues full consideration and has determined that they do not warrant a published opinion. *See* FED. R. APP. P. 36; D.C. CIR. R. 36(d). It is

**ORDERED AND ADJUDGED** that the order of the United States District Court for the District of Columbia be **VACATED**.

### I

Politico petitioned the district court to unseal documents related to alleged executive-privilege disputes that it asserted had arisen during a grand jury's investigation and subsequent indictment of former President Trump. The district court correctly and properly denied that petition based on the record before it. After Politico filed this appeal, the Office of Special Counsel prosecuting former President Trump publicly revealed for the first time that executive-privilege disputes occurred during the grand jury's investigation. Because of that disclosure, we vacate the

1

district court's judgment and remand for it to reconsider Politico's petition in light of the Office of Special Counsel's disclosure.

**II**

**A**

A federal grand jury investigated former President Trump for attempting to overturn the 2020 election. *See United States v. Trump*, 88 F.4th 990, 996–997 (D.C. Cir. 2023). According to press reporting in 2022, former President Trump tried to prevent some witnesses from testifying before the grand jury on executive-privilege grounds. *See In re New York Times Co.*, 657 F. Supp. 3d 136, 141–142 & nn.3–5 (D.D.C. 2023). The press also reported that these privilege assertions led to sealed hearings before the district court and "a sealed decision on the scope of the privilege." *Id.* at 142 & n.5 (citing Spencer S. Hsu et al., *Judge Bucks Trump, Orders Pence Aide to Testify to Jan 6. Grand Jury*, WASH. POST (Oct. 14, 2022), https://perma.cc/AE5D-Z4R5).

Politico petitioned the district court to unseal documents related to those reported executive-privilege disputes. Politico asked the district court to unseal "all documents filed with this Court related to former President Trump's privilege challenge to the Jan. 6 grand jury investigation." Politico Appl. 1, *Application of Politico and Kyle Cheney*, No. 1:22-mc-00104 (D.D.C. Oct. 26, 2022), ECF No. 1. Specifically, Politico sought:

> [T]he public disclosure of 1) Former president Trump's June 10, 2022 action (and any associated briefs) related to two grand jury subpoenas: 22-GJ-060991378 and 22-GJ-060991380; 2) Any response by the government to this challenge; 3) Any additional replies by former president Trump; and 4) The court's September 28, 2022 order adjudicating this challenge.

*Id.* According to press reports, the two subpoenas identified in Politico's application were issued to two individuals who served as aides to former Vice President Pence during the Trump Administration. *See In re New York Times*, 657 F. Supp. 3d at 141–142.[1]

The district court denied Politico's request. *In re New York Times*, 657 F. Supp. 3d at 158. As the district court explained, Federal Rule of Criminal Procedure 6(e) bars courts from disclosing matters occurring before a grand jury unless the matters were previously disclosed, an exception to Rule 6(e) applies, or the materials can be redacted. *Id.* at 151–152; *see McKeever v. Barr*, 920 F.3d 842, 844–845 (D.C. Cir. 2019); *In re Dow Jones & Co.*, 142 F.3d 496, 505 (D.C. Cir. 1998); *see also* FED. R. CRIM. P. 6(e)(3) (listing exceptions to Rule 6(e)). No one argued that an exception to Rule 6(e) applied, so the only issues before the district court were whether any asserted privilege

---

[1] The New York Times also requested disclosure of executive-privilege materials. The New York Times, however, has not appealed the district court's decision and so its petition is not before this court.

disputes had been publicly disclosed or whether any materials could be released in redacted form. *In re New York Times*, 657 F. Supp. 3d at 155.

At the time of the district court's decision, the government had revealed the existence of the grand jury's investigation. *In re New York Times*, 657 F. Supp. 3d at 157. But no official sources had publicly confirmed that any privilege disputes had arisen or even that potential witnesses had asserted executive privilege. *See id.* at 156–157. "In fact, in the articles attached to petitioners' motion, both the government and individuals thought to be grand jury witnesses declined to comment on the reporting." *Id.* at 157.

As a result, the district court held that any alleged privilege disputes remained secret and protected by Rule 6(e). *In re New York Times*, 657 F. Supp. 3d at 158. The district court also explained that it would be impossible to redact the documents to excise secret information because "the facts produced from the [grand jury's] investigation are so integral to any legal analysis that revealing the latter would also reveal the former." *Id.* at 156. For those reasons, the district court denied Politico's requests and refused to release any documents in whole or in part. *Id.* at 158.

**B**

Politico timely appealed. After Politico filed its opening brief in this court, an attorney in the Office of Special Counsel prosecuting former President Trump revealed in a public court hearing that:

> [T]he government and [former President Trump] engaged in extensive pre-indictment litigation regarding executive privilege. It took place in five sealed proceedings starting in August 2022 and lasting through March of 2023. And it concerned the scope of grand jury testimony for 14 witnesses.

J.A. 106:17–22.

Politico now asks this court to vacate and remand the case so that the district court can consider the effect of the Office of Special Counsel's official and public disclosure. Politico Reply Br. 5. Politico also urges us to vacate the district court's judgment on other, independent grounds. Politico Br. 20–21. The government asks us to affirm based on the record before the district court. Gov't Br. 16–18.

**III**

The district court's decision was correct on the record before it. Nevertheless, we vacate and remand for the district court to reconsider whether the requested documents should remain sealed in light of the Office of Special Counsel's disclosure of the privilege disputes before the grand jury.

3

**A**

Federal law is clear: "Records, orders, and subpoenas relating to grand-jury proceedings *must* be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." FED. R. CRIM. P. 6(e)(6) (emphasis added). "[T]he fact that [a witness] invoked * * * privilege in response to questions" before a grand jury constitutes a "'matter[] occurring before a grand jury.'" *In re Dow Jones*, 142 F.3d at 501 (citing *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1382 (D.C. Cir. 1980)). As a result, any documents pertaining to a privilege invocation before a grand jury "must be kept under seal" under Rule 6(e)(6).

Courts may unseal records containing matters occurring before a grand jury only if the matters have already been publicly disclosed, *In re North*, 16 F.3d 1234, 1244–1245 (D.C. Cir. 1994), one of the Rule 6(e)(3) exceptions applies, *McKeever*, 920 F.3d at 844–845, or the records can be redacted to excise any secret information, *see In re Dow Jones*, 142 F.3d at 506. None of those circumstances existed at the time the district court ruled.

First, grand jury matters may lose their protection if prosecutors publicly disclose them and they become "sufficiently widely known[.]" *In re North*, 16 F.3d at 1245. Grand jury matters may also lose protection if they are disclosed by a witness before the grand jury, *In re Grand Jury Subpoena, Judith Miller*, 493 F.3d 152, 154–155 (D.C. Cir. 2007), or a witness's attorney, *In re Dow Jones*, 142 F.3d at 505. Anonymous leaks, however, do not strip Rule 6(e) protection from grand jury matters. *See In re Dow Jones*, 142 F.3d at 505 (grand jury witness's identity did not lose Rule 6(e) protection "because of press reports relying on unnamed sources").

In this case, neither the government, any grand jury witness, nor any grand jury witness's attorney had publicly disclosed any privilege disputes occurring before the grand jury. Politico does not claim otherwise.

Second, Politico does not argue that any Rule 6(e)(3) exception authorized disclosure of the underlying privilege assertions. Nor could it. Most of the exceptions authorize disclosure by, or at the request of, criminal defendants and government attorneys or personnel. *See* FED. R. CRIM. P. 6(e)(3)(A)–(D), (E)(ii)–(v). Politico is not a criminal defendant or governmental entity. The remaining exception authorizes disclosure "preliminarily to or in connection with a judicial proceeding[.]" FED. R. CRIM. P. 6(e)(3)(E)(i). Politico is not seeking to use these materials in a judicial proceeding. Instead, Politico seeks to "ensure the public receives meaningful access to these enormously consequential court records." Politico Br. 6. But there is no Rule 6(e)(3) exception for important grand jury records. *McKeever*, 920 F.3d at 850. And district courts cannot create new exceptions. *Id.* at 843.

Third, it would have been impossible for the district court to release any of the requested materials in redacted form. There is no way to release a document as connected to a privilege dispute without confirming that a privilege dispute in fact occurred. Plus, any analysis in the requested legal documents (opinions, briefing, and so on) would be so closely tied to the facts of

4

the underlying privilege assertions that "redaction is simply not possible." *In re Dow Jones*, 142 F.3d at 505 (quoting *In re North*, 16 F.3d at 1242).

Politico, for its part, does not dispute that, at the time of the district court's decision, releasing the requested documents even in redacted form would have revealed secret grand jury matters. Instead, it argues that: (1) the district court excessively deferred to the Executive Branch; (2) the district court erroneously held that materials in high-profile cases are subject to more stringent sealing requirements; and (3) the district court failed to consider the First Amendment right of access to judicial records. Politico Br. 20–21. These arguments are irrelevant or forfeited.

Politico's first two arguments quibble with the district court opinion's legal background section. As part of that background, the district court made two points: (1) circuit precedent "effectively empowers prosecutors to exercise an even more rigorous gatekeeper role than deference already requires for public disclosure of grand jury material"; and (2) it can be harder to release grand jury materials in heavily reported cases because such releases may "fill gaps in public reporting" and confirm details about an ongoing investigation. *In re New York Times*, 657 F. Supp. 3d at 148, 152.

Leaving aside whether they are correct, the district court's observations had no relevant effect on its proper disposition of this case. The court correctly followed a well-trodden path and found that (1) releasing the requested documents would disclose grand jury matters, *In re New York Times*, 657 F. Supp. 3d at 155–156; (2) it is impossible to redact the documents without disclosing such matters, *id.* at 156; (3) no exceptions apply, *id.*; and (4) no prior disclosures had stripped the materials of Rule 6(e) protections, *id.* at 156–158. The degree of deference and amount of public scrutiny are irrelevant to those dispositive conclusions. Deference does not change whether a privilege assertion is protected by Rule 6(e) or whether an exception applies here. And the amount of public scrutiny does not change the reality that releasing a document in response to a request for documents about privilege disputes would confirm that a privilege dispute took place.

We do not address Politico's First Amendment argument because Politico did not raise it before the district court. "[A]bsent exceptional circumstances, the court of appeals is not a forum in which a litigant can present legal theories that it neglected to raise in a timely manner in proceedings below." *Nemariam v. Federal Democratic Republic of Ethiopia*, 491 F.3d 470, 483 (D.C. Cir. 2007) (quoting *Grant v. United States Air Force*, 197 F.3d 539, 542 (D.C. Cir. 1999)). Politico has not identified any exceptional circumstances for excusing its forfeiture, and we find none.

**B**

For those reasons, the district court's decision was correct when it issued. But things have changed. The Office of Special Counsel's intervening public disclosure that privilege disputes arose before the grand jury materially alters the legal landscape in this case. We therefore vacate and remand for the district court to reconsider Politico's petition in light of the Office of Special

5

Counsel's official and public disclosure of the existence of executive-privilege disputes before the grand jury.

More specifically, the district court may be able to unseal some of the requested documents, at least in part, due to the Office of Special Counsel's disclosure. In *In re North*, 16 F.3d 1234 (D.C. Cir. 1994), we held that grand jury material was unprotected after the Independent Counsel who empaneled the grand jury disclosed the material in a report to Congress. *Id.* at 1244–1245. Here, the Office of Special Counsel that empaneled the grand jury publicly disclosed that grand-jury witnesses invoked executive privilege and that the district court held hearings to resolve those claims. J.A. 106:17–22. That disclosure, coupled with the press's extensive reporting about the privilege disputes, makes it possible that the underlying privilege disputes, or at least the aspects of them that have been publicly disclosed, are so widely known that they are no longer protected by Rule 6(e).

The government does not dispute that the Office of Special Counsel's disclosure has changed the picture. Instead, it argues that we must decide this appeal on the record before the district court. Gov't Br. 17–18. Not so.

We have previously remanded cases involving grand jury matters based on intervening events. For example, in *In re Sealed Case*, 877 F.2d 976 (D.C. Cir. 1989), a grand jury subpoenaed documents from a company, which then asserted attorney-client privilege. *Id.* at 977. The government argued that the company had waived privilege. *Id.* The district court agreed with the government and held the company in contempt. *Id.* "While the appeal [of the contempt order] was pending, the government learned that one of the memoranda in question had already been disclosed" by the company to an outside auditor. *Id.* "The government sought and gained a remand to permit the district court to consider this additional ground for the government's claim of waiver" and, thus, production of the documents. *Id.*

Our decision in *In re Sealed Case* is on all fours with this case and dictates a remand for the district court to assess the effect of the government's disclosure on Politico's request for release of the executive-privilege materials.

The three cases cited by the government do not change anything. In *Oviedo v. Washington Metropolitan Area Transit Authority*, 948 F.3d 386 (D.C. Cir. 2020), this court declined, in an appeal from a grant of summary judgment, to consider materials that predated the district court's decision but had not been included in the summary judgment record. *See id.* at 389, 392 n.3; Joint Appendix 257–271, *Oviedo*, 948 F.3d 386 (No. 18-7037) (proposed extra-record evidence). Here, by contrast, the Office of Special Counsel's disclosure occurred *after* the district court's decision and while the case was already on appeal; it was not information that Politico could have first brought to the district court's attention. As *In re Sealed Case* held, we may take that development into account and remand for the district court to consider the disclosure in the first instance. *See* 877 F.2d at 977.

*Goland v. CIA*, 607 F.2d 339 (D.C. Cir. 1978), hurts rather than helps the government's position because it held that "altered circumstances are properly noticed on appeal" where there is

6

"little doubt" that "events have altered the essential nature of the controversy[.]" *Id.* at 371, 375. So too here. There is little doubt that the Office of Special Counsel's disclosure of the privilege disputes substantively and materially changed the state of play in this case, and its impact on the merits of Politico's request for disclosure should be considered by the district court in the first instance.

*In re Los Angeles Times*, 28 F.4th 292 (D.C. Cir. 2022), also supports remand. There, the district court denied the press's request to unseal search-warrant materials in an ongoing criminal investigation that the government had not publicly disclosed at the time of the district court's decision. *Id.* at 295–296. After the district court's decision, the government confirmed that the investigation was underway in a public filing in another case. *Id.* at 296. This court remanded for the district court to "determine whether it is still appropriate to seal the hypothesized" requested documents following the government's disclosure of the investigation. *Id.* at 297. To be sure, this court also vacated the district court's judgment on other "independent" grounds. *Id*. But *In re Los Angeles Times* did not hold that independent grounds for vacatur are necessary before we may consider intervening factual developments. In fact, they are not. *See In re Sealed Case*, 877 F.2d at 977.

Finally, the government reasons that, should this court affirm the district court's denial, Politico could file a new petition for unsealing before the district court and the district court could consider the Office of Special Counsel's disclosure at that time. Gov't Br. 17–18. But requiring Politico to file a new petition would needlessly delay an eventual decision on the merits of Politico's request in light of the materially changed circumstances. Rather than affirm the district court with blinders on as to significant intervening events, the more efficient course of action is to vacate and remand this case to the district court. *See Goland*, 607 F.2d at 375.

\* \* \* \* \*

For the foregoing reasons, the order of the district court is vacated.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:  /s/
Daniel J. Reidy
Deputy Clerk