[NOT YET SCHEDULED FOR ORAL ARGUMENT]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| IN RE APPLICATION OF THE NEW YORK TIMES COMPANY AND CHARLIE SAVAGE FOR ACCESS TO CERTAIN DOCKETS, ORDERS, LEGAL BRIEFING, AND ARGUMENT TRANSCRIPTS ANCILLARY TO JANUARY 6 GRAND JURY PROCEEDINGS | No. 23-5071 |
| IN RE PRESS APPLICATION FOR ACCESS TO JUDICIAL RECORDS AND PROCEEDINGS ANCILLARY TO CERTAIN GRAND JURY PROCEEDINGS CONCERNING DONALD J. TRUMP AND THE TRUMP ORGANIZATION | No. 23-5073 |

**<u>MOTION TO CONSOLIDATE RELATED APPEALS</u>**

Pursuant to Rule 3(b)(2) of the Federal Rules of Appellate Procedure, Appellants in Docket No. 23-5071, POLITICO LLC and Kyle Cheney, and Appellants in Docket No. 23-5073, Bloomberg L.P., Cable News Network, Inc., The E.W. Scripps Company, POLITICO LLC, and WP Company LLC d/b/a The Washington Post (all together, the "Press Appellants"), respectfully move the Court to consolidate the above-captioned appeals, which arise from two related District Court decisions addressing nearly identical issues of law and common

questions of fact concerning public access to court records ancillary to grand jury proceedings.

## BACKGROUND

The appeal in Docket No. 23-5071 arises from applications filed in October 2022 by appellants POLITICO LLC and its reporter Kyle Cheney, among others, for access to judicial records regarding the scope of executive privilege invoked by former President Donald J. Trump or former Trump Administration officials in any judicial proceeding(s) ancillary to the grand jury investigation(s) into the 2020 presidential election and the January 6, 2021 certification of that election's results. On February 23, 2023, the Honorable Beryl A. Howell, then-Chief Judge of the U.S. District Court for the District of Columbia, issued an Order and redacted Memorandum Opinion denying the application in full, concluding that, although "[t]he sealing of judicial decisions and ancillary judicial records relied on to resolve matters before the Court is anathema," and although the Government has "confirmed" the existence of the grand jury investigation in question, Rule 6(e) of the Federal Rules of Criminal Procedure and this Court's decision in *McKeever v. Barr*, 920 F.3d 842 (D.C. Cir. 2019) nevertheless require that the requested court records stay sealed "at least for now and perhaps forever." *In re N.Y. Times Co.*, No. 22-mc-100-BAH, 2023 WL 2185826, at *1-2, *15 (D.D.C. Feb. 23, 2023).

The appeal in Docket No. 23-5073 arises from a similar December 2022 application by a coalition of press organizations, including appellants Bloomberg L.P., Cable News Network, Inc., The E.W. Scripps Company, POLITICO LLC, and WP Company LLC d/b/a The Washington Post, for access to judicial records concerning the Government's request to hold former President Trump and/or his representatives in contempt for their responses to a grand jury subpoena seeking materials bearing classification markings that former President Trump retained after leaving the White House. On March 11, 2023, in a Memorandum and Order that essentially incorporated by reference the *In re New York Times* decision, then-Chief Judge Howell denied this application as well, concluding that "[e]ven though the government disclosed the existence of the Subpoena," and although "the investigation into the alleged mishandling of classified documents and possible obstruction of that investigation by the former president and/or his associates has been the subject of wide reporting," Rule 6(e) and *McKeever* again prohibit unsealing the requested records. Mem. & Order, *In re Press Application for Access to Jud. Records & Proc. Ancillary to Certain Grand Jury Proc. Concerning Donald J. Trump & the Trump Org.*, No. 22-mc-128-BAH (D.D.C. Mar. 11, 2023), ECF No. 6, at 4-5.

The Press Appellants timely noticed appeals from these two rulings and now respectfully move this Court to consolidate Docket Nos. 23-5071 and 23-5073.

3

# ARGUMENT

"[T]o achieve the most efficient use of the Court's resources, as well as to maintain consistency in its decisions, [this] Court generally will consolidate, on its own motion or on motion of the parties, all appeals and cross-appeals from the same district court judgment or order," and "other cases involving essentially the same parties or the same, similar, or related issues, may be consolidated" as well. *See Handbook of Prac. & Internal Proc.*, Part V.A. (D.C. Cir. Mar. 16, 2021); *see also* 16A Charles Alan Wright & Arthur R. Miller, *Fed. Prac. & Proc.* § 3949.2 (5th ed.) ("A court of appeals may choose to consolidate appeals for the sake of efficiency and to promote consistent treatment."). These two appeals present all of those grounds for consolidation.

**First**, the two appeals involve substantially similar parties: appellants in both cases are news organizations (and one of their journalists), represented by undersigned counsel, and the appellee in both cases is the Government, represented by attorneys from the Department of Justice.

**Second**, the two appeals involve essentially the same questions of law and effectively common issues of fact. In both cases, the Press Appellants sought access to judicial records of tremendous public interest that are ancillary to extraordinary grand jury proceedings involving former President Trump. In both cases, the Government had officially acknowledged the existence of the relevant

4

grand jury investigations. Both cases "highlight[] the tension that lies between the important policies underlying grand jury secrecy, as currently codified in Rule 6(e), and the always strong presumption in favor of public access to judicial proceedings." *In re N.Y. Times*, 2023 WL 2185826, at *1 (internal marks omitted). And in both cases, then-Chief Judge Howell determined that Rule 6(e) and this Court's decision in *McKeever* required that the requested records remain sealed "at least for now and perhaps forever." *Id.* at 2.

**Third**, consolidation of these appeals would promote the efficient use of judicial resources and maintain consistency in the Court's decisions. In particular, consolidation would avoid duplicative briefing on and maintain uniformity as to key issues that then-Chief Judge Howell identified as unresolved by *McKeever*, including (1) "how district courts are to evaluate when sealing is no longer 'necessary'" under Rule 6(e)(6); and (2) how to "grapple with the reality that a judicial decision resolving a grand jury matter must necessarily apply relevant legal principles to the facts gained from the grand jury's investigation, which facts *McKeever* expressly holds may not be disclosed unless a Rule 6(e)(3) exception applies," even though "the *McKeever* majority" stated that "a 'matter occurring before the grand jury' does not necessarily refer to a 'judicial record,' which 'assumes a judicial decision.'" *In re N.Y. Times*, 2023 WL 2185826, at *8 (quoting *McKeever*, 920 F.3d at 848)).

Given all of these factors support consolidation, and no factor appears to weigh against consolidation, the Court should promptly consolidate these appeals and proceed with consolidated briefing on the important issues discussed above.

## CONCLUSION

For the foregoing reasons, the Press Appellants respectfully request that the Court consolidate the appeals in Docket Nos. 23-5071 and 23-5073. Undersigned counsel have conferred with counsel for the Government regarding the requested relief, and the Government consents to placing the two appeals on the same track for briefing and argument but opposes consolidated briefing.

Dated: April 11, 2023        Respectfully submitted,

/s/ *Chad R. Bowman*
Chad R. Bowman
Charles D. Tobin
Maxwell S. Mishkin
Lauren Russell
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
bowmanchad@ballardspahr.com
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Appellants*

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,070 words.

/s/ *Chad R. Bowman*
Chad R. Bowman

# **CERTIFICATE OF SERVICE**

I hereby certify that on April 11, 2023, I directed the foregoing to be filed electronically with the Clerk of the Court by using the appellate CM/ECF system.

/s/ *Chad R. Bowman*
Chad R. Bowman