[NOT YET SCHEDULED FOR ORAL ARGUMENT]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| IN RE APPLICATION OF THE NEW YORK TIMES COMPANY AND CHARLIE SAVAGE FOR ACCESS TO CERTAIN DOCKETS, ORDERS, LEGAL BRIEFING, AND ARGUMENT TRANSCRIPTS ANCILLARY TO JANUARY 6 GRAND JURY PROCEEDINGS | No. 23-5071 |
| IN RE PRESS APPLICATION FOR ACCESS TO JUDICIAL RECORDS AND PROCEEDINGS ANCILLARY TO CERTAIN GRAND JURY PROCEEDINGS CONCERNING DONALD J. TRUMP AND THE TRUMP ORGANIZATION | No. 23-5073 |

**RESPONSE TO MOTION TO CONSOLIDATE APPEALS**

The United States respectfully submits this response to appellants' motion to consolidate the above-captioned appeals. As explained in detail below, the United States does not oppose ensuring that these cases are briefed on the same schedule and argued before the same panel, but opposes consolidation of briefing in these matters.

1. These appeals arise from petitions filed by media organizations and reporters seeking access to alleged grand jury materials. Appeal No. 23-5071 stems from an application filed by POLITICO LLC and Kyle Cheney seeking materials from a specific grand-jury docket number in the district court that they contend is related to "the ongoing grand jury proceedings stemming from the January 6, 2021, attack on the Capitol" and would, they assert, reveal briefing by former President Trump and the government on specific grand-jury subpoenas. *In re N.Y. Times Co.*, 2023 WL 2185826, at *3 (D.D.C. Feb. 23, 2023). Appeal No. 23-5073 stems from an application filed by a coalition of media organizations seeking "'access to all motions, memoranda, exhibits, opinions, orders, hearings, hearing transcripts, and other judicial records related to' the government's purported 'request to hold former President Trump or his representatives in contempt'" with regard to a subpoena issued in connection with an investigation of former President Trump's "handling of classified documents." *In re Press Application*, No. 22-mc-128-BAH, Doc. 6 at 1-2 (D.D.C. Mar. 11, 2023).

2. The government acknowledges that the legal issues presented by the two cases are overlapping, and thus does not oppose ensuring

2

that these cases proceed on the same schedule for briefing and oral argument. But because of the differences in factual circumstances and the anticipated need for a sealed or redacted filing in at least one of the two cases, the government believes that separate briefs for each case are appropriate. The government therefore opposes appellants' motion insofar as it requests a single set of consolidated briefs for these appeals.

3. Consolidated briefing is not appropriate because of expected differences in the government's ability to publicly brief each case. In the district court proceedings underlying No. 23-5071, the government's primary brief was filed under seal (and ultimately made public only with redactions), and the district court's opinion also contains redactions. *See In re N.Y. Times Co.*, No. 22-mc-100-BAH, Doc. 18 (redacted opinion); Doc. 19 (redacted brief in opposition). The government anticipates that a similar approach will be warranted on appeal.

In the district court proceedings underlying No. 23-5073, by contrast, the government was able to file its response publicly, and the district court's opinion is likewise fully public. *See In re Press*

*Application*, No. 22-mc-128-BAH, Doc. 4 (government response); Doc. 6 (memorandum opinion). The government anticipates that it will be able to follow the same course on appeal.

 4. More generally, briefing the two appeals separately will better clarify the issues before the Court in each appeal. The petitions seek materials allegedly related to two different ongoing grand jury investigations with distinct factual backgrounds, and keeping those backgrounds separate will aid the Court's consideration of these appeals. For example, disputes arose in each case over the degree to which information had been acknowledged by the government or publicly disclosed. *See In re N.Y. Times*, 2023 WL 2185826, at *14-15; *In re Press Application*, No. 22-mc-128-BAH, Doc. 6 at 3-4. The Court's consideration of such arguments would be better facilitated by briefs dedicated to the specific circumstances surrounding each case.

 5. The government therefore respectfully submits that the Court should continue to require that separate briefs be filed in each matter and opposes appellants' request for consolidated briefing in these appeals.

          Respectfully submitted,

          MICHAEL S. RAAB
           (202) 514-4053

          /s/ *Brad Hinshelwood*
          BRAD HINSHELWOOD
          (202) 514-7823
            Attorneys, Appellate Staff
            Civil Division
            U.S. Department of Justice
            950 Pennsylvania Ave., N.W.
            Room 7256
            Washington, D.C.  20530

APRIL 2023

## CERTIFICATE OF COMPLIANCE

This response complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 604 words. This motion was prepared using Microsoft Word 2013 in Century Schoolbook, 14-point font, a proportionally-spaced typeface.

/s/ *Brad Hinshelwood*
Brad Hinshelwood