[NOT YET SCHEDULED FOR ORAL ARGUMENT]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| IN RE APPLICATION OF THE NEW YORK TIMES COMPANY AND CHARLIE SAVAGE FOR ACCESS TO CERTAIN DOCKETS, ORDERS, LEGAL BRIEFING, AND ARGUMENT TRANSCRIPTS ANCILLARY TO JANUARY 6 GRAND JURY PROCEEDINGS | No. 23-5071 |
| IN RE PRESS APPLICATION FOR ACCESS TO JUDICIAL RECORDS AND PROCEEDINGS ANCILLARY TO CERTAIN GRAND JURY PROCEEDINGS CONCERNING DONALD J. TRUMP AND THE TRUMP ORGANIZATION | No. 23-5073 |

**REPLY IN FURTHER SUPPORT OF APPELLANTS'
MOTION TO CONSOLIDATE RELATED APPEALS**

Appellants in Docket No. 23-5071, POLITICO LLC and Kyle Cheney, and Appellants in Docket No. 23-5073, Bloomberg L.P., Cable News Network, Inc., The E.W. Scripps Company, POLITICO LLC, and WP Company LLC d/b/a The Washington Post (all together, the "Press Appellants"), respectfully submit this reply in further support of their motion to consolidate the two above-captioned appeals, which both arise from denials of access to judicial records ancillary to grand jury proceedings related to former President Trump. In its response

("Resp."), the Government concedes "that the legal issues presented by the two cases are overlapping" and agrees the cases should share the same "schedule for briefing and oral argument," *see* Resp. at 2-3, yet the Government objects to consolidated briefing, *see id.* at 3-4. The Government's half-a-loaf position is unsound and undercuts one of the principal goals of consolidation, which is "to achieve the *most* efficient use of the Court's resources." *See Handbook of Prac. & Internal Proc.*, Part V.A. (D.C. Cir. Mar. 16, 2021) (emphasis added). The Court should grant the Press Appellants' motion and fully consolidate these two cases.

## ARGUMENT

The Government's response fails in three respects to justify the inefficiency and difficulty (if not impossibility) of separately briefing these two entwined cases.

**First**, the Government acknowledges, as it must, that these two appeals involve the same questions of law regarding access to judicial records of clear public interest that are ancillary to grand jury proceedings where the Government has officially acknowledged the existence of the underlying grand jury investigations. The Government does not and cannot dispute that both cases "highlight[] the tension that lies between the important policies underlying grand jury secrecy, as currently codified in Rule 6(e), and the always strong presumption in favor of public access to judicial proceedings," *In re N.Y. Times Co.*, No. 22-mc-100-BAH, 2023 WL 2185826, at *1 (D.D.C. Feb. 23, 2023) (internal marks

2

omitted). Nor can it dispute that both cases present questions of (1) "how district courts are to evaluate when sealing is no longer 'necessary'" under Rule 6(e)(6), *id.* at *8; and (2) how to reconcile that Rule 6(e) requires keeping secret "a matter occurring before the grand jury," *id.*, while this Court in *McKeever v. Barr* noted it is "not at all clear" that when Rule 6(e) "mentions a 'matter appearing before the grand jury,' it is referring to a 'judicial record,'" such as an order on a motion to compel or a motion for contempt ancillary to a grand jury proceeding. 920 F.3d 842, 848 (D.C. Cir. 2019).

**Second**, the Government does not address how it would even be feasible to brief these two appeals separately when the ruling below in the 23-5073 case effectively incorporates the ruling below in the 23-5071 case. The -5071 ruling is 32 pages long and comprehensively addresses the "Legal Landscape" at issue, including the "Policies Underlying Grand Jury Secrecy" and "Rule 6(e)'s Scope" and the "Considerations in Unsealing Decisions Ancillary to Grand Jury Matters." *In re N.Y. Times*, 2023 WL 2185826, at **4-12. The -5073 ruling, by contrast, notes that "[t]hree considerations recently highlighted in [the *In re N.Y. Times* decision] counsel strongly for denial of the instant petition," and cites that same *In re N.Y. Times* decision six times in as many pages. Mem. & Order, *In re Press Application for Access to Jud. Records & Proc. Ancillary to Certain Grand Jury Proc. Concerning Donald J. Trump & the Trump Org.*, No. 22-mc-128-BAH

3

(D.D.C. Mar. 11, 2023), ECF No. 6.  It is therefore not merely inefficient, but entirely impracticable to brief these two cases separately.

**Third**, the Government's rationales for separate briefing are faulty.  The Government asserts that "separate briefs for each case are appropriate" due to "the differences in factual circumstances and the anticipated need for a sealed or redacted filing in at least one of the two cases."  Resp. at 3.  But the Government can just as easily file one redacted brief as it can an unredacted brief in the -5073 case and a redacted brief in the -5071 case.  The Government also claims that these two appeals have "distinct factual backgrounds, and keeping those backgrounds separate will aid the Court's consideration of these appeals."  *Id.* at 4.  But separate facts can easily and clearly be set out in consolidated briefing, and because the legal issues across both cases involve access to records ancillary to a grand jury proceeding, *unified* briefing will assist the Court in developing a *uniform* rule on access to that discrete category of records and proceedings, which will provide precisely the kind of guidance that then-Chief Judge Howell requested.  *See In re N.Y. Times*, 2023 WL 2185826, at *7 ("Unfortunately, *McKeever* does not clear all confusion regarding a district court's authority to disclose grand jury materials.").

Finally, it bears note that this Court appears to have called for consolidated briefing in the *In re Motions of Dow Jones* case, which likewise arose from several rulings on separate but related press requests for access to records ancillary to

4

grand jury proceedings: one seeking access to records concerning Monica Lewinsky's attorney's objections to a grand jury subpoena, another seeking access to records concerning a "motion to show cause filed by President Clinton against Independent Counsel Kenneth W. Starr for alleged violations of grand jury secrecy," and a third "motion to govern access to all future ancillary proceedings stemming from the grand jury's investigation." 142 F.3d 496, 498-99 (D.C. Cir. 1998). The docket reflects that the Court consolidated the appeals, No. 98-3033 and 98-3034, and directed the press appellants to file a single opening brief and single reply brief, while allowing the four separate appellees (The White House, President Clinton, Ms. Lewinsky, and Ms. Lewinsky's attorney) to file "brief(s)" in response. *See* Docket Entry for Per Curiam Order, *In re Motion of Dow Jones*, No. 98-3033 (Mar. 20, 1998).[1] The Court then issued a single ruling on these consolidated cases, holding, *inter alia*, that "if the Chief Judge can allow some public access without risking disclosure of grand jury matters – either because the subject of the proceeding removes the danger or because the proceedings may be structured to prevent the risk without disruption or delay – Rule 6(e)(5) contemplates that this *shall* be done." 142 F.3d at 502 (emphasis added and citation omitted). Here, too, the Court can and should consolidate these two cases

---

[1] The Per Curiam Order itself is not available on the Court's electronic docket.

5

for all purposes and direct the parties to file unified briefs (with redactions as necessary).

## **CONCLUSION**

For the foregoing reasons and those set out in their initial motion, the Press Appellants respectfully request that the Court fully consolidate the appeals in Docket Nos. 23-5071 and 23-5073.

Dated: April 19, 2023      Respectfully submitted,

/s/ *Chad R. Bowman*
Chad R. Bowman
Charles D. Tobin
Maxwell S. Mishkin
Lauren Russell
BALLARD SPAHR LLP
1909 K Street, NW, 12th Floor
Washington, DC 20006
Telephone: (202) 661-2200
Fax: (202) 661-2299
bowmanchad@ballardspahr.com
tobinc@ballardspahr.com
mishkinm@ballardspahr.com
russelll@ballardspahr.com

*Counsel for the Press Appellants*

## **CERTIFICATE OF COMPLIANCE**

This motion complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 1,126 words.

/s/ *Chad R. Bowman*
Chad R. Bowman

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2023, I directed the foregoing to be filed electronically with the Clerk of the Court by using the appellate CM/ECF system.

<u>/s/ *Chad R. Bowman*</u>
Chad R. Bowman